■ SMITH PONTIAC-GMC TRUCK CENTER, INC., Respondent, v HARTFORD ACCIDENT INDEMNITY COMPANY, Appellant. [599 NYS2d 308] —Mahoney, J. Appeal from an order of the Supreme Court (Kahn, J.), entered June 4, 1992 in Albany County, which granted plaintiff's motion for summary judgment.

At issue in this appeal is defendant's obligation to defend plaintiff on two third-party complaints. The facts are undisputed. In 1984 plaintiff, a franchised Pontiac dealer, was scheduled to receive for sale a certain 1984 Pontiac Fiero from the factory. While title documents were issued to it, due to an apparent delivery error the Fiero destined for plaintiff's dealership was delivered to Arrow Pontiac, Inc. (hereinafter Arrow), another area Pontiac dealership. Following delivery, it remained on Arrow's sales lot until it was sold to Thomas Eichelser on May 25, 1984.

Inasmuch as plaintiff still had the title documents, transfer of title to Eichelser did not occur simultaneous with transfer of possession. As a result, Arrow accorded him the use of its

dealer plates until title transfer could be effected. Later that same day the Fiero was involved in an accident in Massachusetts and this occurrence furnished the occasion for two lawsuits—a personal injury action in Massachusetts by a passenger in the Eichelser vehicle against Eichelser and Arrow, and a property damage action in New York by Eichelser against Arrow. Arrow interposed third-party claims against plaintiff in both actions seeking contribution or indemnity. In the personal injury action Arrow's third-party claim asserted that its liability for the passenger's personal injuries was predicated solely upon its inability to transfer title to Eichelser simultaneous with the sale which inability was caused, in turn, by plaintiff's negligence in failing timely to deliver title documents to it. In the property damage claim, Arrow sought contribution from plaintiff for whatever damages it might incur in the breach of contract claim brought against it by Eichelser grounded upon Arrow's failure to deliver proper title to the Fiero, claiming that plaintiff's negligence caused Arrow to breach its contract.

Upon receipt of the summons and complaint, plaintiff forwarded them to defendant who promptly disclaimed coverage on the ground that the incident which gave rise to the complaint was a "question of clear ownership" and was not an accident within the meaning of the policy. As a result, plaintiff retained counsel who successfully defended it on both claims. Plaintiff then commenced the instant action against defendant seeking to recover the $11,930.55 it had expended in counsel fees claiming breach of the duty to defend. Following some discovery, plaintiff moved for summary judgment. Supreme Court granted the motion and defendant appeals.

We reverse. Courts consistently have recognized that an insurer's duty to defend a claim extends to any action, however groundless, false or fraudulent, where the facts alleged fall within the coverage afforded by the insurance policy or, if the complaint fails to state facts with sufficient clarity to determine if the claim is within or without the policy coverage, in any case where it can be said that a potential action exists within the coverage (see, e.g., Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 310-311). Determining whether this duty is implicated in a particular situation requires an examination of the policy language and the allegations contained in the complaint. A review of the applicable documents in this case persuades us that the allegations in both third-party complaints fall outside the ambit of the policy coverage. Under the garage policy, defense and indemnification is re-

quired in any suit seeking "damages because of *bodily injury* or *property damage* to which this insurance applies caused by an *accident* and resulting from *garage operations*" (emphasis in original). Accordingly, three elements must be present in order to trigger coverage: (1) the suit against the insured must seek damages because of bodily injury or property damage, (2) the damages sought must be caused by an accident and (3) the damages sought must result from garage operations. In our view, as pleaded, both third-party complaints fail to satisfy the first two elements. The gravamen of the third-party claim in the personal injury action is not that plaintiff violated a duty to the injured party, and thus is liable for his injuries, but that it violated a completely separate duty it owed solely to Arrow, i.e., the duty to timely supply Arrow with title documents. The asserted breach of this duty did not result in an accident as that term is defined in the policy and did not result in bodily injury or property damage to Arrow but solely in economic loss. The same infirmities exist with the property damage claim. The damages sought by Eichelser in the main claim and for which "contribution" was sought in the third-party claim were not caused by an accident, but rather as a result of Arrow's asserted breach of its contract with Eichelser to deliver proper title to the Fiero. These damages, again, sound purely in economic loss rather than bodily injury or property damage.

It thus being clear that defendant does not owe a duty of defense to plaintiff on the two third-party claims at issue as a matter of law, defendant is entitled to an award of summary judgment dismissing the complaint even in the absence of a cross motion for such relief (CPLR 3212 [b]; *see, e.g., Wiseman v Knaus,* 24 AD2d 869, 870; *see generally,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:23, at 330).

Weiss, P. J., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, plaintiff's motion for summary judgment is denied, defendant is awarded summary judgment and the complaint is dismissed.