OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Plaintiff Robert Davis retained the defendant law firm in March 1987 to represent and appear for him in all proceedings concerning a workers’ compensation claim arising out of an accident which occurred on property allegedly owned by the City of New York. In 1988, plaintiff’s case was allegedly referred by the defendant attorney to another lawyer in the same firm for discussion on commencing a third-party action against the City. Plaintiff was informed at that time that his claim against the City was barred by the Statute of Limitations.
 

 Plaintiff’s workers’ compensation claim was resolved and no further action with respect to the claim against the City was taken until 1991, when plaintiff and his spouse commenced this legal malpractice action. Plaintiffs alleged that defendants committed malpractice by failing to timely institute an action against the City as owner of the property where the accident occurred pursuant to Labor Law §§ 200, 240, 241 (6) and common-law negligence principles. Defendants moved for summary judgment. Supreme Court granted defendants’ motion and dismissed the complaint. The Appellate Division, with one Justice dissenting, affirmed.
 

 In order to establish a prima facie case of legal malpractice, a plaintiff must demonstrate that the plaintiff would have succeeded on the merits of the underlying action but for the at
 
 *1010
 
 torney’s negligence
 
 (see, Carmel v Lunney,
 
 70 NY2d 169, 173;
 
 Servidone Constr. Corp. v Security Ins. Co.,
 
 64 NY2d 419, 425;
 
 Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy & Levine,
 
 59 AD2d 551, 553,
 
 affd
 
 45 NY2d 730, 732). Plaintiffs’ unsupported allegations that the City owned the property in question failed to raise material issues of fact with respect to their underlying claims against the City, and the complaint was properly dismissed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.