(April 9, 2001)

■ LINDA ALLEN, Respondent, v ALEX POTRUCH et al., Defendants, and JACALYN BARNETT, Appellant. [723 NYS2d 101] —In an action to recover damages for legal malpractice, the defendant Jacalyn Barnett appeals (1) from so much of an order of the Supreme Court, Nassau County (Carter, J.), dated September 27, 2000, as denied her motion for summary judgment dismissing the complaint insofar as asserted against her, and (2), as limited by her brief, from so much of an order of the same court, dated January 17, 2001, as denied her motion, denominated as one for leave to renew, which was, in effect, for reargument.

Ordered that the appeal from the order dated January 17, 2001, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated September 27, 2000, is reversed insofar as appealed from, on the law, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The plaintiff commenced this action against the attorneys who represented her in a matrimonial action. The appellant, Jacalyn Barnett, replaced the plaintiff's first attorney, and represented the plaintiff for approximately 18 months before the Supreme Court granted her motion to withdraw as counsel. The complaint alleges, *inter alia*, that certain omissions by the appellant prevented the plaintiff from introducing expert testimony at the trial as to the value of her former husband's corporation, and resulted in the award of a lesser amount to the plaintiff as her share of that asset.

To prevail on a claim of legal malpractice, a plaintiff must establish that the attorney breached a duty of care, that the breach was the proximate cause of the loss, and actual damages (*see, McCoy v Tepper,* 261 AD2d 592). To succeed on a motion for summary judgment, the appellant was required to demonstrate that the plaintiff is unable to prove at least one of the essential elements (*see, Shopsin v Siben & Siben,* 268 AD2d 578). The appellant met her burden.

The appellant's alleged negligence in failing to move for reargument of the plaintiff's motion for an award of expert fees, which was denied by the matrimonial court, constituted at most an error of judgment which did not rise to the level of malpractice (*see, Rosner v Paley,* 65 NY2d 736; *Iannacone v*

*Weidman,* 273 AD2d 275; *Rubinberg v Walker,* 252 AD2d 466). Although the appellant negligently failed to respond to the motion by the former husband to preclude the plaintiff from submitting expert testimony at the matrimonial trial, the appellant established that this omission was not the proximate cause of the plaintiff's alleged damages. The order entered upon the plaintiff's default in April 1991 merely required her to disclose her expert's report to her former husband three weeks prior to the trial. The appellant withdrew as the plaintiff's counsel in February 1992, two years before the trial was held. The plaintiff failed to present evidence sufficient to raise a triable issue of fact as to the validity of her malpractice claim. Accordingly, the appellant's motion for summary judgment dismissing the complaint insofar as asserted against her should have been granted.

The Supreme Court properly treated the appellant's motion, denominated as one to renew, as, in effect, one to reargue. The motion was not based on new or additional facts which, although in existence, were not known to the appellant at the time of the prior motion, and she failed to adequately explain her failure to submit that evidence on the original motion (*see, Miller v Fein,* 269 AD2d 371). As no appeal lies from an order denying a motion for reargument, the plaintiff's appeal from that order must be dismissed, and the evidence submitted on that motion has not been considered (*see, Matter of Brooklyn Welding Corp. v Chin,* 236 AD2d 392). O'Brien, J. P., S. Miller, Friedmann and Townes, JJ., concur.