■ JOAN REIBMAN, Respondent, v STEPHEN R. SENIE et al., Appellants. [756 NYS2d 164] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered on or about January 15, 2002, which, to the extent appealed from, denied that branch of defendants' motion for summary judgment dismissing plaintiff's legal malpractice cause of action, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants, dismissing the complaint.

It is settled that an action for legal malpractice requires proof of three elements: the negligence of the attorney; that the negligence was the proximate cause of the loss sustained; and actual damages (*Between The Bread Realty Corp. v Salans Hertzfeld Heilbronn Christy & Viener*, 290 AD2d 380, *lv denied* 98 NY2d 603; *Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood*, 170 AD2d 108, 114, *affd* 80 NY2d 377). In order to establish proximate cause, plaintiff must demonstrate that but for the attorney's negligence, plaintiff would have prevailed in the matter in question or would not have sustained any ascertainable damages (*Senise v Mackasek*, 227 AD2d 184, 185; *Stroock & Stroock & Lavan v Beltramini*, 157 AD2d 590, 591). Stated another way, plaintiff is required to prove a " 'case within a case' " (*McKenna v Forsyth & Forsyth*,

280 AD2d 79, 82, *lv denied* 96 NY2d 720, quoting *Kituskie v Corbman*, 552 Pa 275, 281, 714 A2d 1027, 1030). The failure to establish proximate cause mandates the dismissal of a legal malpractice action, regardless of the negligence of the attorney (*Tanel v Kreitzer & Vogelman*, 293 AD2d 420, 421; *Pellegrino v File*, 291 AD2d 60, 63, *lv denied* 98 NY2d 606).

Moreover, an attorney is obligated to know the law relating to the matter for which he/she is representing a client and it is the attorney's duty, "if he has not knowledge of the statutes, to inform himself, for, like any artisan, by undertaking the work, he represents that he is capable of performing it in a skillful manner" (*Degen v Steinbrink*, 202 App Div 477, 481, *affd* 236 NY 669; *see also Matter of Pollack*, 142 AD2d 386). The same requirement is set forth in the Disciplinary Rules of the Code of Professional Responsibility, which provide that a lawyer shall not "[h]andle a legal matter which the lawyer knows or should know that he or she is not competent to handle, without associating with a lawyer who is competent to handle it" (Code of Professional Responsibility DR 6-101 [a] [1] [22 NYCRR 1200.30]; *see also* PJI3d 2:152 [2002]).

In this matter, defendants admitted that at the time of the execution of the 1993 stipulation, the question of whether the apartment was covered by the Loft Law was not researched, and no other attorneys familiar with that area of the law were consulted. Plaintiff, however, after executing the stipulation, then proceeded to live in the apartment for a number of years at a rental rate far below market value and, as found by both Justice Saxe, in an earlier decision, and Justice Shafer, once the receiver was no longer in control of the building, plaintiff was again free, at that juncture, to apply to the Loft Board. In other words, plaintiff did not establish that defendants' purported negligence extinguished her rights regarding the apartment's loft status.

Instead, under the guidance of new counsel, plaintiff executed a settlement agreement pursuant to which, inter alia, she received well over $100,000 for vacating the apartment and waived all of her rights concerning the apartment. Since plaintiff has failed to establish how defendants' failure to adequately research the Loft Law prior to the execution of the 1993 stipulation compromised the later opportunity to apply to the Loft Board, or to establish how the purportedly faulty advice resulted in monetary damages, we conclude that plaintiff's claim for legal malpractice must be dismissed.

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Nardelli, J.P., Buckley, Ellerin and Marlow, JJ.