■ Arlene Aversa, Respondent, v Edward Safran, Appellant. [757 NYS2d 573] —In an action to recover damages for legal malpractice, the defendant appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Kings County (G. Aronin, J.), dated August 1, 2001, as denied those branches of his motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), and (2) an order of the same court, dated March 19, 2002, as denied his motion for summary judgment dismissing the complaint.

Ordered that the order dated March 19, 2002, is reversed insofar as appealed from, on the law, the motion is granted, and the complaint is dismissed; and it is further,

Ordered that the appeal from the order dated August 1, 2001, is dismissed as academic in light of our determination on the appeal from the order dated March 19, 2002; and it is further,

Ordered that one bill of costs is awarded to the defendant.

A prima facie case of legal malpractice requires proof of the defendant's negligence, proof that such negligence was the proximate cause of the plaintiff's loss, and proof of actual damages (*see Allen v Potruch,* 282 AD2d 484 [2001]). To establish the elements of proximate cause and damages, a plaintiff must show that but for the defendant's negligence, he or she would have prevailed in the underlying action or would not have sustained any damages (*see Davis v Klein,* 88 NY2d 1008, 1009-1010 [1996]; *Ashton v Scotman,* 260 AD2d 332 [1999]). To succeed on his motion for summary judgment, the defendant was required to demonstrate that the plaintiff is unable to prove at least one of these essential elements (*see Allen v Potruch, supra*).

The defendant demonstrated that the plaintiff would be unable to establish that but for his alleged negligence she would have been successful or she would not have suffered any damages (*see Saferstein v Klein,* 250 AD2d 831 [1998]). In opposition to the motion, the plaintiff failed to come forward with evidence sufficient to raise a triable issue of fact. Consequently, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Altman, J.P., Goldstein, Luciano and H. Miller, JJ., concur.