■ THOMAS WESTER, Respondent-Appellant, v MICHAEL SUSSMAN et al., Appellants-Respondents, et al., Defendants. [757 NYS2d 500] —In an action to recover damages for legal malpractice, the defendants Michael Sussman, Michael Sussman, P.C., Stephen Bergstein, Sussman and Bergstein, Sussman, Bergstein & Wotorson, and Sussman, Bergstein, Whateley & Wotorson appeal, and the defendant Ambrose Wotorson separately appeals (1), as limited by their respective briefs, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), dated March 27, 2002, as denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them, and (2) from an order of the same court, dated July 2, 2002, which denied their joint motion for leave to renew, and the plaintiff cross-appeals from so much of the order dated March 27, 2002, as denied his cross motion for summary judgment.

Ordered that the order dated July 2, 2002, is reversed, on the law, the motion for leave to renew is granted, and upon renewal, the appellants' motions for summary judgment are granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed; and it is further,

Ordered that the appeal and the cross appeal from the order dated March 27, 2002, are dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.

The plaintiff was injured in 1991 when he was arrested by New York State Troopers. The plaintiff retained the defendants to represent him in a claim against the State of New York alleging, inter alia, that his civil rights were violated. The case proceeded to trial and the court found in favor of the State. The plaintiff thereafter commenced the instant action against the defendants to recover damages for legal malpractice alleging that they committed various discovery and trial errors.

In denying the appellants' motions for summary judgment, the Supreme Court correctly observed that the affirmation of a party attorney does not have the same force as an affidavit under CPLR 2106. However, in support of their motion for leave to renew, the appellants submitted affidavits, thus correcting their inadvertent procedural error. The Supreme Court

improvidently exercised its discretion in denying the motion for leave to renew (*see Lauer v Rapp,* 190 AD2d 778 [1993]).

Upon renewal, the motions for summary judgment should have been granted. To establish a cause of action to recover damages for legal malpractice, a plaintiff must prove (1) that the defendant attorneys failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community, (2) proximate cause, (3) damages, and (4) that the plaintiff would have been successful in the underlying action had the attorneys exercised due care (*see Iannarone v Gramer,* 256 AD2d 443 [1998]; *Volpe v Canfield,* 237 AD2d 282 [1997]). For defendants in a legal malpractice action to succeed on a motion for summary judgment, evidence must be presented establishing that the plaintiff is unable to prove at least one of these essential elements of a malpractice cause of action (*see Ostriker v Taylor, Atkins & Ostrow,* 258 AD2d 572 [1999]).

Here, the appellants made a prima facie showing in admissible form that they did not depart from the applicable standard of care. In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). Accordingly, the Supreme Court should have granted the appellants' motions for summary judgment.

In light of our determination, the appeal and the cross appeal from the order dated March 27, 2002, have been rendered academic. Altman, J.P., Goldstein, Luciano and H. Miller, JJ., concur.