**ALLIANZ INSURANCE COMPANY, as subrogee of Mercedes Benz Credit Corporation, Plaintiff,**

v.

**Regina LERNER, Isabella Lerner and Dimitry Lerner, Defendants.**

**Regina Lerner, Isabella Lerner and Dimitry Lerner, Third Party Plaintiffs,**

v.

**Frank Merlino, Esq., Robert P. Tusa, Esq., and Allstate Insurance Company, Third Party Defendants.**

**No. CV 02–1880.**

United States District Court, E.D. New York.

Feb. 17, 2004.

Ginsberg, Becker & Weaver, LLP, By David M. Ginsberg, New York City, for Plaintiff.

Alan Jay Martin, New York City, for Defendants/Third Party Plaintiffs.

Lewis, Johs, Avallone & Kaufman, LLP, By Christine Malafi, Melville, NY, for Third Party Defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In this action Plaintiff Allianz Insurance Company ("Allianz") appears as subrogee to Mercedes Benz Credit Corporation ("MBCC"). The claim of Allianz arose out of an accident involving a Mercedes–Benz leased by MBCC to Defendants Regina and Isabella Lerner. Specifically, Allianz sought contractual indemnification from Defendants in the amount of $340,000. The damages sought represent the amount spent by MBCC in settlement of a personal injury lawsuit filed after an accident involving the leased car (the "Vehicle"). The claim of Allianz has been disposed of by way of a memorandum and order of this court granting summary judgment to Allianz. Thus, this court has held Defendants liable to Allianz on its contractual claim of indemnification.

The court notes that the indemnification claim arose from the lease agreement between Mercedes–Benz and Defendants. Pursuant to that agreement, the lessees were obligated to Mercedes–Benz for any amount that the company was deemed liable as a result of the operation of the Vehicle. Since the Vehicle was leased, and not purchased, Mercedes remained the owner and was therefore liable for injuries resulting from use of the Vehicle pursuant to the New York State Vehicle and Traffic Law. Although the lease agreement obligated the lessees to obtain liability insurance in the amount of $100,000, that amount proved to be inadequate to cover the injuries associated with the accident that led to this litigation. Like many consumers who lease cars, Defendants may have been unaware of the extent of their exposure and were under-insured when the need for insurance arose. Unfortunately for Defendants, these matters were likely not taken into consideration when the lease was entered into. The court is powerless to change the parties' lease agreement and therefore has held Defendants liable to indemnify Mercedes–Benz. The Court notes these factual circumstances, however, in the hope that more consumers will be aware of the extent of their potential liability when entering into car rental and lease agreements. In any event, the court turns now to the pending motion.

Remaining for adjudication is the third-party action commenced by Defendants. That action names as third-party defendants Allstate Insurance Company ("Allstate"), the insurance company that represented Regina Lerner in the settled lawsuit. Also named as third-party defendants are Frank Merlino, Esq. and Robert Tusa, Esq. the two attorneys who represented Lerner in the settled personal injury action (the "Attorneys").

Presently before the court is the motion of third-party defendants for summary judgment on the third-party action. For the reasons set forth below, the motion is granted.

## BACKGROUND

### I. *Facts*

The facts surrounding this matter have been set forth in detail in the prior opinion in this matter, familiarity with which is assumed. For purposes of this motion it is important only to note the facts that follow.

### A. *The Accident and State Court Litigation*

In June of 1988, Regina Lerner was driving the Vehicle and became involved in an accident in which Andrew Baron, an infant, sustained injuries. Robert Baron, Andrew Baron's father, was the driver of the car in which his son was a passenger. A lawsuit arising from that accident was commenced in September of 1998 in New York State Supreme Court, County of Nassau (the "State Court Litigation"). Robert Baron and Regina Lerner were named in the State Court Litigation as negligent drivers. MBCC was sued as the owner of the Vehicle, pursuant to the New York State Vehicle and Traffic Law. At the outset, Regina Lerner and MBCC were both represented by the Attorneys.

### B. *MBCC's Retention of Independent Counsel and Settlement of the Action*

When it became clear that a $100,000 insurance policy obtained by Regina Lerner might not be sufficient to cover a possible damage award, MBCC retained its own counsel and the Attorneys continued to defend the Lerners.[1] Ultimately, the State Court Litigation was settled. The total amount of the settlement was $495,000. Robert Baron's liability was apportioned at $55,000. Allstate paid $100,000 of the settlement and $340,000 was paid by MBCC. The $100,000 payment by Allstate represented the total coverage limit under Allstate's policy with Regina Lerner.

Three stipulations of discontinuance were executed to effectuate the settlement of the State Court Litigation. Each of these stipulations referred to discontinuance only of the personal injury action against each of the three named defendants—Robert Baron, Regina Lerner and MBCC. No stipulation mentioned the settlement of any claim that might be later asserted by MBCC against Regina Lerner.

### II. *The Third–Party Complaint*

The third-party complaint was commenced by all three defendants in this action. Thereafter, it was discontinued by defendants Isabelle and Dimitri Lerner. Accordingly, the sole remaining third-party plaintiff is Regina Lerner ("Lerner"). Lerner alleges a cause of action against Allstate and a separate cause of action

---

1. Third-party defendants Merlino and Tusa represented Lerner at different times during the course of the State Court Litigation. For purposes of this motion, the court will refer to their representation collectively.

against the Attorneys. The claim against Allstate alleges that the company was obligated to defend Lerner in this action commenced by Allianz. According to Lerner, this subrogation action is covered by the policy of automobile insurance issued by Allstate to Lerner. The cause of action against the Attorneys alleges legal malpractice in connection with the handling of the State Court Litigation.

### III. *The Motion For Summary Judgment*

As noted above, the motion presently before the court is that of Allstate and the Attorneys for summary judgment on the third party complaint. Allstate seeks summary judgment on the ground that this subrogation action is a breach of contract claim, based upon a lease, that does not fall within the automobile policy issued to Lerner. The Attorneys seek summary judgment on the legal malpractice claim on the grounds that Lerner cannot prove that any action on the part of the Attorneys departed from the required standard of care. It is further argued that Lerner cannot show that any act or omission by the Attorneys was the proximate cause of any injury claimed. After outlining the applicable law, the court will turn to the merits of the parties' motions.

### DISCUSSION

### I. *Standards on Motion for Summary Judgment*

A motion for summary judgment is properly granted only if the court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FRCP 56(c); *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party seeking judgment bears the burden of demonstrating that no issue of fact exists. *McLee v. Chrysler Corp.* 109 F.3d 130, 134 (2d Cir.1997). However, when the nonmoving party fails to make a showing on an essential element of its case with respect to which it bears the burden of proof, summary judgment will be granted. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The party resisting summary judgment must not only show a disputed issue of fact, but it must also be a material fact in light of substantive law. Only disputed facts that "might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 242, 106 S.Ct. 2505.

### II. *Allstate's Motion for Summary Judgment*

■ An insurance company's duty to defend arises when the allegations against an insured "potentially give rise to a covered claim ...." *Frontier Insulation Contractors, Inc. v. Merchants Mut. Ins. Co.,* 91 N.Y.2d 169, 175, 667 N.Y.S.2d 982, 984, 690 N.E.2d 866 (1997). The duty is triggered if "the allegations in a complaint, liberally construed, suggest a reasonable possibility of coverage, or when the insurer has actual knowledge of facts establishing such a reasonable possibility." *City of New York v. Insurance Corp. of New York,* 305 A.D.2d 443, 443, 758 N.Y.S.2d 817, 818 (2d Dep't.2003). An insurer will be relieved of the duty to defend only if it is "concluded, as a matter of law that there is no possible factual or legal basis on which [the insurer] might eventually be held to be obligated to indemnify [the insured] under any provision of the insurance policy." *Servidone Constr. Corp. v. Security Ins. Co.,* 64 N.Y.2d 419, 424, 488 N.Y.S.2d 139, 142, 477 N.E.2d 441 (1985).

■ The duty to indemnify is narrower than the duty to defend. The former

duty will arises only if the claim for which the insured has been judged liable is within the policy's coverage. *Frontier Insulation*, 91 N.Y.2d at 178, 667 N.Y.S.2d at 986, 690 N.E.2d 866. Thus, while the duty to defend is "measured against the possibility of a recovery, 'the duty to pay is determined by the actual basis for the insured's liability to a third person.'" *Frontier Insulation*, 91 N.Y.2d at 178, 667 N.Y.S.2d at 986, 690 N.E.2d 866, quoting, *Servidone Constr. Corp. v. Security Ins. Co.*, 64 N.Y.2d at 424, 488 N.Y.S.2d at 142, 477 N.E.2d 441.

While the parties have argued this motion from both a "duty to defend" and "duty to indemnify perspective," it appears to the court that the proper analysis is the narrower duty to indemnify standard. The rights and obligations between Lerner and Allianz, with respect to the lease agreement, have been determined and fixed by this court's prior summary judgment order. It is no longer necessary to determine whether any interpretation of the complaint by Allianz sets forth a covered claim—this court has construed and determined liability under that claim and has held Lerner liable. In view of the facts that 'the duty to pay is determined by the actual basis for the insured's liability to a third person,'" *Frontier Insulation*, 91 N.Y.2d at 178, 667 N.Y.S.2d at 986, 690 N.E.2d 866, quoting, *Servidone Constr. Corp. v. Security Ins. Co.*, 64 N.Y.2d at 424, 488 N.Y.S.2d at 142, 477 N.E.2d 441, and that the basis of liability has been determined by this court, Lerner cannot argue that this case is somehow governed by the broader "duty to defend" standard.

■■ In any event, whether analyzing a claim from a duty to defend or a duty to indemnify standpoint, the focus is on the language of the policy, as measured against the allegations of the complaint.

*Smith Pontiac–GMC Truck Center, Inc. v. Hartford Accident Indemnity Co.*, 194 A.D.2d 906, 907, 599 N.Y.S.2d 308, 309 (3d Dep't 1993); *see also First Investors Corp. v. Liberty Mutual Ins. Co.*, 152 F.3d 162, 165 (2d Cir.1998). Here, the policy was issued to Lerner as coverage maintained in connection with her use of the Vehicle. Specifically, the policy states that it protects the insured "from claims for accidents arising out of the ownership, maintenance or use" of the Vehicle. Coverage is therefore triggered when an "accident" occurs and there is liability for either "bodily injury" or "destruction of property." It is thus clear that Allstate was required, and indeed did, insure Lerner in connection with the State Court Litigation. Clearly, the State Court Litigation involved a claim for bodily injury as a result of an accident involving the insured's use of Vehicle.

This litigation, however, is another matter. This case was commenced by Allianz, as subrogee to MBCC, on a breach of contract theory. Allianz sought recovery pursuant to the terms of the lease executed by Lerner. That lease, as discussed in detail in this court's decision granting summary judgment to Allianz, contained a clause obligating Lerner to indemnify MBCC if that company became subject to "any claims, losses, injuries, expenses or costs related to the use, maintenance or condition" of the Vehicle. As a lawsuit involving a breach of a lease agreement, the claim for which Lerner seeks coverage is not a claim of bodily injury or property damage arising out of an accident involving the Vehicle. Instead, it is a claim for contractual money damages sustained by MBCC as a result of Lerner's use of the Vehicle. This is not a claim for which Allstate insured Lerner and as such, the complaint of Allianz is not within the coverage provided to Lerner by Allstate.

It is clear that the claim brought here by Allianz is not within the scope of the automobile insurance policy issued by Allstate to Lerner. Accordingly, Lerner is not entitled to have Allstate's coverage in this action and her third-party complaint against this defendant must be dismissed. Allstate's motion for summary judgment is, accordingly, granted.

### III. *The Attorneys' Motion For Summary Judgment*

Lerner's claim against the Attorneys is for legal malpractice. This claim is predicated solely on the argument that the Attorneys breached their duty to Lerner when they settled the personal injury portion of the State Court Action, but failed to obtain a release from MBCC on any indemnification claim it might have against Lerner.

■ To prevail on a claim of legal malpractice a plaintiff must prove: "(1) that the defendant attorneys failed to exercise the degree of care, skill, and diligence commonly possessed by a member of the legal community, (2) proximate cause, (3) damages, and (4) that the plaintiff would have been successful in the underlying action had the attorneys exercised due care." *Wester v. Sussman,* 304 A.D.2d 656, 657, 757 N.Y.S.2d 500, 501 (2d Dep't 2003). The elements of proximate cause and damages are established by showing that, but for the attorney's negligence, the plaintiff would have prevailed or would not have sustained any damage in the underlying action. *Aversa v. Safran,* 303 A.D.2d 700, 701, 757 N.Y.S.2d 573, 574 (2d Dep't.2003). ■ A defendant attorney is entitled to summary judgment if plaintiff fails to raise a material issue of fact as to any essential element of the claim. *Davis v. Klein,* 88 N.Y.2d 1008, 1009–10, 648 N.Y.S.2d 871, 872, 671 N.E.2d 1268 (1996) (summary judgment granted to defendant

attorney where plaintiff failed to come forward with any evidence showing that he would have prevailed on his claim, but for attorney's alleged malpractice). If evidence is presented establishing that plaintiff cannot prove any one of the elements of a malpractice claim and plaintiff fails to come forward with evidence to the contrary, summary judgment is properly granted. *See, e.g., Aversa,* 303 A.D.2d at 701, 757 N.Y.S.2d at 574 (summary judgment granted where attorney demonstrated that plaintiff would be unable to prove proximate cause and damages and plaintiff failed to come forward with evidence sufficient to raise a triable issue of fact); *see also Wester,* 304 A.D.2d at 657, 757 N.Y.S.2d at 501.

■ Lerner's malpractice claim is based upon the failure of the Attorneys to obtain a release from MBCC when settling the State Court Litigation. According to Lerner, the settlement of that action was in the interest only of Allstate, and left her unnecessarily exposed to future litigation.

In support of their motion for summary judgment, the Attorneys point out that Lerner entered into the lease requiring her to indemnify MBCC of her own free will, prior to the accident. No act by the Attorneys, who had no relationship with Lerner at the time the lease was executed, had any bearing on Lerner's decision to enter into that lease and agree to its terms. More importantly, the Attorneys argue that Lerner cannot show that any act or omission on their part can be relied upon to establish the essential element of proximate cause, *i.e.* Lerner cannot show that if the Attorneys had asked MBCC to release Lerner from the indemnity clause in the lease agreement, it would have done so. In fact, the Attorneys have submitted documentary evidence that is directly to the contrary.

In opposition to Lerner's claim of malpractice, the Attorneys submit the affidavit of Anthony Alvarado, the attorney who represented MBCC in the State Court Litigation ("Alvarado"). In his affidavit, Alvarado states that he spoke with Lerner's attorney and advised him that his client would not discontinue any claims made by MBCC against Lerner. It was for this reason that he requested that separate stipulations of discontinuance be executed when settling the State Court Litigation. Alvarado further states that "at all times it was [his] intention to reserve the indemnification rights of MBCC and of its insurance company . . . ." Lerner has not, and cannot, show that if the Attorneys pressed counsel for MBCC for a release from indemnity, that any such release would be forthcoming. The Alvarado affidavit effectively defeats any such claim. Accordingly, Lerner cannot show the existence of a material issue of fact as to the essential element of proximate cause.

Lerner has come forward with neither evidence that the Attorneys departed from the requisite standard of professional care nor that any departure alleged is a proximate cause of her damages. Under these circumstances, it is appropriate to grant the Attorneys' motion for summary judgment dismissing the claim of legal malpractice.

### CONCLUSION

The motions of third-party defendants for summary judgment are granted. The Clerk of the Court is directed to terminate those motions and to close the file in this matter.

SO ORDERED.