ALLIANZ INSURANCE COMPANY, as Subrogee of Mercedes Benz Credit Corporation, Plaintiff–Appellee,

v.

Regina LERNER, Isabella Lerner and Dimitry Lerner, Defendants–Third–Party Plaintiffs–Counter–Claimants–Appellants,

Robert Tusa, Frank V. Merlino and Allstate Insurance Company, Third–Party Defendants–Counter–Claimants–Appellees.

Docket No. 04–2240–CV.

United States Court of Appeals, Second Circuit.

Argued: Feb. 8, 2005.

Decided: Aug. 2, 2005.

David Ginsberg, Ginsberg, Becker & Weaver, LLP, New York, NY, for Plaintiff–Appellee.

Josh H. Kardisch, Kardisch, Link & Associates, P.C., Rockville Centre, NY, Alan Jay Martin, New York, NY, for Defendants–Third–Party Plaintiffs–Counter–Claimants–Appellants.

Michael G. Kruzynski, Lewis Johs Avallone Aviles & Kaufman, LLP, Melville, NY, for Third–Party Defendants–Counter–Claimants–Appellees.

Before: McLAUGHLIN, HALL, and GIBSON,[1] Circuit Judges.

McLAUGHLIN, Circuit Judge.

This complex multi-party action arises out of a car accident in New York involving a leased vehicle. It highlights the various liability issues that often arise among a lessor, a lessee, and their respective insurers. These issues include: the vicarious liability of a lessor for the negligence of its lessee; the concomitant right of a lessor to seek indemnification from its lessee; and the separate duties of a lessee's insurer to defend and indemnify its insured.

Regina Lerner ("Lerner"), Isabella Lerner ("Isabella"), and Dimitry Lerner ("Dimitry") (collectively, "defendants") appeal from a judgment of the United States District Court for the Eastern District of New York (Wexler, *J.*), granting summary judgment to Allianz Insurance Company ("Allianz"). *Allianz Ins. Co. v. Lerner*, 296 F.Supp.2d 417 (E.D.N.Y.2003) ("*Allianz I*"). Lerner separately appeals from the entry of summary judgment in favor of Allstate Insurance Company ("Allstate") and her former attorneys Robert Tusa and Frank V. Merlino (together, "Attorneys"), dismissing her third-party complaint against those third-party defendants. *Al-*

1. The Honorable John R. Gibson of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

*lianz Ins. Co. v. Lerner,* 305 F.Supp.2d 191 (E.D.N.Y.2004) ("*Allianz II* ").

For the reasons that follow:

(1) We affirm the award of summary judgment to Allianz in the original action and to the Attorneys in the third-party action;

(2) We reverse, in part, the award of summary judgment to Allstate; and

(3) We remand to the district court with instructions: (a) to enter partial summary judgment for Lerner on her claim for breach of the duty to defend; and (b) to conduct further proceedings consistent with this opinion.

## BACKGROUND

### I. *Facts*

In May 1998, Lerner leased a new car from Mercedes Benz Credit Corporation ("MBCC"). To protect itself from damages arising out of the use of the leased car, MBCC maintained insurance coverage with Allianz. Isabella signed the lease agreement ("Lease") as a co-lessee; Dimitry agreed to be the guarantor. The Lease required the lessees to obtain liability insurance for the vehicle in the amount of at least $100,000 per person and $300,000 per occurrence for bodily injury and death.

The Lease also contained an indemnity provision, stating that if MBCC is "subjected to any claims, losses, injuries, expenses, or costs related to the use, maintenance or condition of the vehicle," the lessees "will pay all of [MBCC's] resulting costs and expenses, including attorneys' fees."

As required by the Lease, Lerner obtained the $100,000 per person minimum amount of liability insurance from Allstate,

her insurer. The Allstate insurance policy provides:

> Allstate will pay for all damages a person insured is legally obligated to pay— because of bodily injury or property damage . . . .

> Under these coverages, your policy protects a person insured from claims for accidents arising out of the ownership, maintenance or use, loading or unloading of the auto we insure.

> We will defend a person insured if sued as the result of a covered auto accident. This defense will be supplied even if the suit is groundless, false or fraudulent. We will defend that person at our own expense, with counsel of our choice and, may settle any claim or suit if we feel this is appropriate.

In June 1998, Lerner drove through a red light in New York and collided with a car owned and operated by Robert Baron. Robert Baron's twelve-year-old son, Andrew, was a passenger and he sustained injuries.

### II. *State Court Action*

In September 1998, Andrew Baron's mother commenced a personal injury action on Andrew's behalf in the New York Supreme Court, Nassau County ("State Court Action"). The defendants included Robert Baron, Lerner, and MBCC. Robert Baron and Lerner were named as negligent drivers; MBCC was sued as the owner of the Mercedes Benz.[2]

Initially, Lerner and MBCC were both represented by attorneys Merlino and Tusa, who were selected by Allstate. It soon became apparent that Lerner's $100,000 policy might not be sufficient to cover a potential damage award. MBCC

---

**2.** Despite intense lobbying for a change, New York continues to impose vicarious liability upon vehicle owners, including lessors, for the negligence of drivers operating with their permission. *See* N.Y. Veh. & Traf. § 388 (McKinney 1996).

thus retained its own counsel, Alfredo Alvarado. MBCC then cross-claimed against Lerner for contractual indemnity. MBCC asserted that, if Andrew Baron recovered a judgment against MBCC, then MBCC would be entitled to indemnity from Lerner under the Lease.

In May 2001, the State Court Action was settled for $495,000 and the parties entered an Infant Compromise Order. The liability was apportioned as follows: (1) Robert Baron paid $55,000; (2) Allstate paid $100,000 on behalf of Lerner; and (3) MBCC, through its insurer, Allianz, paid the remaining $340,000. The $100,000 payment by Allstate represented the total coverage limit under its policy with Lerner. Settling the State Court Action, Andrew Baron provided three separate stipulations of discontinuance, one to each of the three defendants. Notably and significantly, Lerner did *not* obtain a general release or stipulation discontinuing MBCC's cross-claim.

### III. *Federal Court Action*

Ten months later, Allianz, as subrogee of MBCC, commenced this diversity action against Lerner, Isabella, and Dimitry in the United States District Court for the Eastern District of New York (Wexler, *J.*). Suing for breach of contract, Allianz alleged that the defendants breached the Lease by failing to indemnify MBCC for the $340,000 Allianz spent to settle the State Court Action. Allianz sought the $340,000 plus at least $110,000 in attorneys' fees incurred by and on behalf of MBCC.

Responding to Allianz, the defendants impleaded Allstate as well as Tusa and Merlino, the attorneys from the State Court Action. The third-party complaint alleged that: (1) Allstate breached its duty to defend and indemnify Lerner against MBCC's and Allianz's claims; and (2) the Attorneys committed legal malpractice by

failing to get a release from MBCC concerning its cross-claim against Lerner. Subsequently, Isabella and Dimitry, while remaining defendants in the original action, discontinued their third-party claims, leaving Lerner as the sole third-party plaintiff.

In June 2003, the defendants and Allianz cross-moved for summary judgment. The defendants moved to dismiss Allianz's claim on the ground that it was barred by res judicata. They argued that Allianz's subrogor, MBCC, asserted an identical claim for contractual indemnification against Lerner in the State Court Action and that the settlement and discontinuances of the State Court Action barred the present action. Allianz's cross-motion sought summary judgment on its contractual indemnification claim.

In December 2003, the district court denied the defendants' motion and granted Allianz's cross-motion for summary judgment. *Allianz I*, 296 F.Supp.2d at 423. In denying the defendants' motion, the court held that MBCC's contractual claim was not barred by res judicata because it "was neither expressly nor impliedly disposed of by the stipulations settling plaintiff's personal injury claims against the defendants." *Id.* at 422. In granting Allianz's cross-motion for summary judgment, the court rejected the defendants' "sole" argument about an alleged ambiguity in the Lease. *Id.* at 422–23. The court thus found "no question of fact" as to the Lease's enforceability. *Id.* at 423.

In January 2004, the third-party defendants (Allstate and the Attorneys) moved for summary judgment, arguing that: (1) Allstate had no duty to defend or indemnify Lerner in the federal breach of contract action commenced by Allianz; (2) the Attorneys were not negligent in representing Lerner; and (3) Lerner could not prove

that their negligence proximately caused her damages.

In February 2004, the district court granted Allstate's and the Attorneys' motions and dismissed the third-party complaint. *Allianz II,* 305 F.Supp.2d at 198.

In analyzing Lerner's third-party claim against Allstate, the court held that Allianz's claim against Lerner was "not within the scope of the automobile insurance policy issued by Allstate to Lerner." *Id.* at 197. The court reasoned that Allstate's policy covered bodily injury or property damage claims arising out of an accident involving use of the car, whereas Allianz's claim against Lerner sought "contractual money damages sustained by MBCC as a result of Lerner's use of the Vehicle." *See id.* at 196–97.

In analyzing Lerner's third-party claim against the Attorneys, the court held that Lerner failed to create an issue of fact as to the element of proximate cause. *Id.* at 197–98. The court concluded that Lerner could not prove that if the Attorneys had indeed asked MBCC to release Lerner from the indemnity clause in the Lease, MBCC would have done so. *Id.* In reaching this conclusion, the court relied on the affidavit of Alfredo Alvarado, the attorney who represented MBCC in the State Court Action (after MBCC retained separate counsel from those defending Lerner). In his affidavit, Alvarado states that "at all times it was [my] intention to reserve the indemnification rights of MBCC and of its insurance company." *Id.* at 198 (internal quotation marks omitted).

In February 2004, a final judgment was entered: (1) granting Allianz's motion for summary judgment; (2) ordering the defendants to indemnify Allianz for $340,000; and (3) granting Allstate's and the Attorneys' motions for summary judgment.

The defendants now appeal the award of summary judgment to Allianz. In addition, Lerner appeals the dismissal of her third-party complaint against Allstate and the Attorneys. We address each argument *seriatim.*

## DISCUSSION

### I. Standard of Review

We review a district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor. *June v. Town of Westfield,* 370 F.3d 255, 257 (2d Cir.2004). We will affirm the judgment only if there is no genuine issue as to any material fact, and if the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c).

### II. Defendants' Appeal: Contractual Indemnification

The defendants argue that the district court erred in concluding that the Lease's indemnity provision is unambiguous and in granting summary judgment to Allianz on its claim for contractual indemnification in the amount of $340,000.

■ Whether a contract is clear or ambiguous is a question of law. *Kass v. Kass,* 91 N.Y.2d 554, 566, 673 N.Y.S.2d 350, 696 N.E.2d 174 (1998). "Ambiguity is determined by looking within the four corners of the document, not to outside sources." *Id.* An ambiguous term is one that is reasonably susceptible to more than one reading, or one as to which reasonable minds could differ. *See Van Wagner Adver. Corp. v. S & M Enters.,* 67 N.Y.2d 186, 191, 501 N.Y.S.2d 628, 492 N.E.2d 756 (1986). A contractual ambiguity generally renders summary judgment inappropriate in a breach of contract action. *See Compagnie Financiere de CIC et de l'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* 232 F.3d 153, 158 (2d Cir.2000) (observing that a " 'court may

resolve ambiguity in contractual language as a matter of law if the evidence presented about the parties' intended meaning [is] so one-sided that no reasonable person could decide the contrary'" (quoting *3Com Corp. v. Banco do Brasil, S.A.*, 171 F.3d 739, 746–47 (2d Cir.1999)) (alteration in original)).

The indemnity provision in the Lease provides that if MBCC is *"subjected to* any claims, losses, injuries, expenses, or costs related to the use, maintenance or condition of the vehicle," Lerner "will pay all of [MBCC's] *resulting costs and expenses,* including attorneys' fees" (emphasis added).

In opposition to Allianz's summary judgment motion below, the defendants argued that the Lease was ambiguous as to whether their indemnity obligation applied only to the mandatory amount of insurance coverage ($100,000) or to excess claims not covered by insurance. The district court flatly rejected the defendants' "sole argument"—which, incidentally, they have abandoned on appeal. *Allianz I*, 296 F.Supp.2d at 423.

Now, for the first time, defendants argue that two additional ambiguities in the Lease preclude the award of summary judgment to Allianz. First, they highlight the term *"subjected to"* and ask whether MBCC was indeed "subjected to" liability by voluntarily settling the State Court Action as distinct from being found liable by a judge or jury. Second, they argue that the extent of indemnification was ambiguous because the Lease required the defendants to indemnify MBCC for its "resulting costs and expenses," not the allegedly greater value of all of its "claims, losses, injuries, [and] expenses."

 Before we can address these arguments, the defendants must overcome a procedural hurdle. "[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Greene v. United States*, 13 F.3d 577, 586 (2d Cir.1994). Nevertheless, because this "rule is prudential, not jurisdictional, we have discretion to consider waived arguments." *Sniado v. Bank Austria AG*, 378 F.3d 210, 213 (2d Cir.2004) (per curiam). "We have exercised this discretion where necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding." *Id.*

 The circumstances here do not militate in favor of an exercise of discretion to address the new arguments on appeal. Because both arguments are based on the terms of the Lease, they were both available to the defendants below. *See id.* (availability of argument below weighs against exercising discretion to hear the belated argument on appeal). Defendants proffer no reason for their failure to raise the arguments below, nor do they suggest that there will be any great injustice if we refuse to address them. In these circumstances, we decline the invitation to address the untimely arguments. *See Greene*, 13 F.3d at 586 ("Entertaining issues raised for the first time on appeal is discretionary with the panel hearing the appeal.").

Thus, we affirm the district court's ruling that the defendants are required to indemnify Allianz.

III. *Lerner's Appeal: Breach of the Duty to Defend and Indemnify and Legal Malpractice*

Next, we consider Lerner's challenge to the February 2004 decision granting summary judgment to Allstate and the Attorneys, thereby dismissing her third-party complaint.

A. *Lerner's Breach of Contract Claim Against Allstate*

Lerner argues that the district court erred in dismissing her claims against Allstate for breaching its duties to defend and indemnify her against MBCC's and Allianz's indemnification claims. For the reasons that follow, we conclude that while Allstate breached its duty to defend, it did not breach its duty to indemnify Lerner.

"It is a well-established legal principle that the duty of an insurer to defend is broader than its duty to pay." *Ruder & Finn Inc. v. Seaboard Surety Co.*, 52 N.Y.2d 663, 669, 439 N.Y.S.2d 858, 422 N.E.2d 518 (1981). The duty to defend "arises whenever the allegations within the four corners of the underlying complaint potentially give rise to a covered claim, or where the insurer 'has actual knowledge of facts establishing a reasonable possibility of coverage.' " *Frontier Insulation Contractors, Inc. v. Merchs. Mut. Ins.*, 91 N.Y.2d 169, 175, 667 N.Y.S.2d 982, 690 N.E.2d 866 (1997) (quoting *Fitzpatrick v. Am. Honda Motor Co., Inc.*, 78 N.Y.2d 61, 67, 571 N.Y.S.2d 672, 575 N.E.2d 90 (1991)). An insurer is relieved of the duty to defend only if "there is no possible factual or legal basis on which [the insurer] might eventually be held to be obligated to indemnify [the insured] under any provision of the insurance policy." *Servidone Constr. Corp. v. Sec. Ins. Co.*, 64 N.Y.2d 419, 424, 488 N.Y.S.2d 139, 477 N.E.2d 441 (1985) (internal quotation marks omitted) (alterations in original).

The narrower duty to indemnify arises only if the claim for which the insured has been judged liable lies within the policy's coverage. *Frontier*, 91 N.Y.2d at 178, 667 N.Y.S.2d 982, 690 N.E.2d 866. Thus, while the duty to defend is "measured against the possibility of a recovery, 'the duty to pay is determined by the actual basis for the insured's liability to a third person.' " *Id.* (quoting *Servidone*, 64

N.Y.2d at 424, 488 N.Y.S.2d 139, 477 N.E.2d 441).

 Observing that the actual basis for Lerner's liability to Allianz was established in December 2003, two months before the district court considered Allstate's summary judgment motion, the court was misled into analyzing the claim against Lerner under the narrower *duty to indemnify* standard. In concluding that Allstate's policy did not cover Allianz's claim against Lerner, the court wrote:

> As a lawsuit involving a breach of a lease agreement, the claim for which Lerner seeks coverage is not a claim of bodily injury or property damage arising out of an accident involving the Vehicle. Instead, it is a claim for contractual money damages sustained by MBCC as a result of Lerner's use of the Vehicle. This is not a claim for which Allstate insured Lerner and as such, the complaint of Allianz is not within the coverage provided to Lerner by Allstate.

*Allianz II*, 305 F.Supp.2d at 196.

Lerner maintains that the district court misinterpreted Allstate's policy, which obligates the carrier to defend an insured "sued as the result of a covered auto accident." Specifically, Lerner argues that MBCC's "liability to the infant plaintiff and, by extension, its cross-claims and Allianz's claims against Lerner, 'resulted' from 'a covered auto accident,' and do not depend for viability on whether the Allianz lawsuit *itself* is a claim for 'bodily injury and damage.' " We agree with Lerner.

The central issue in this case is whether Allstate had a duty to defend and indemnify MBCC's and Allianz's claims against Lerner and this requires an interpretation of the Allstate policy.

 Under New York law, the interpretation of an insurance policy generally presents a question of law. *See Hartford*

*Accident & Indem. Co. v. Wesolowski,* 33 N.Y.2d 169, 172, 350 N.Y.S.2d 895, 305 N.E.2d 907 (1973); *see also McGinniss v. Employers Reinsurance Corp.,* 648 F.Supp. 1263, 1266 (S.D.N.Y.1986). "In the interpretation process, an unambiguous provision must be given its plain and ordinary meaning." *State of New York v. Am. Mfrs. Mut. Ins. Co.,* 188 A.D.2d 152, 593 N.Y.S.2d 885, 886 (3d Dep't 1993). An insurance policy must be "liberally construed in favor of the insured." *Stainless, Inc. v. Employers Fire Ins. Co.,* 69 A.D.2d 27, 418 N.Y.S.2d 76, 79 (1st Dep't 1979).

With these principles in mind, we focus on the terms of the policy. The policy provides that Allstate "will defend a person insured if sued *as the result of* a covered auto accident" (emphasis added). The district court did not discuss this provision. We find this language determinative.

The parties do not dispute, nor could they, that Lerner's car accident was a "covered auto accident." The issue thus becomes whether Lerner was sued by MBCC and Allianz "as the result of" this accident. In the absence of a definition in the policy, we afford the plain meaning to the term "result." *See Am. Mfrs. Mut. Ins. Co.,* 593 N.Y.S.2d at 886. In this context, Webster defines "result" to mean "consequence." Webster's Dictionary (3d ed.1988).

Applying this term to the facts, we conclude that MBCC's and Allianz's claims against Lerner were a "consequence," or "result," of the covered auto accident. Indeed, but for the accident and the resulting bodily injury claims asserted by Andrew Baron, MBCC and Allianz would not have any claims against Lerner.

Notably, neither MBCC nor Allianz asserted claims against Lerner for items unrelated to the accident, such as unpaid lease payments. Instead, the claims against Lerner seek reimbursement for MBCC's settlement payments to Andrew Baron. MBCC made these payments solely because of its vicarious liability as the owner of the Vehicle involved in the accident. Thus, we are led to the conclusion that the indemnification claims against Lerner were "the result of a covered auto accident."

We recognize that our construction of Allstate's policy imposes a broad duty to defend that theoretically extends beyond the standard range of possibly covered claims to reach *any* claims against an insured so long as they are "the result of a covered auto accident." *See Hugo Boss Fashions, Inc. v. Fed. Ins. Co.,* 252 F.3d 608, 620 (2d Cir.2001) (observing the general principle gleaned from insurance cases that the duty to defend "perdures until it is determined with certainty that the policy does not provide coverage" (emphasis omitted)). But we do not find that this literal reading "thwart[s] the obvious and clearly expressed purpose which the parties intended to accomplish" or "lead[s] to an obvious absurdity." *McGrail v. Equitable Life Assur. Soc. of United States,* 292 N.Y. 419, 424, 55 N.E.2d 483 (1944). Because MBCC's and Allianz's claims against Lerner arose directly out of the same car accident, it was reasonable for Lerner to expect that Allstate would defend, and perhaps even indemnify her against, these claims. This expectation is bolstered by the fact that the amount of indemnification sought by MBCC and Allianz, $340,000, represents the exact bodily injury damages paid to the injured plaintiff in the State Court Action.

Our construction of Allstate's defense obligations also accords well with the dual role of automobile insurance as both "liability insurance" and, as evident in this case, "litigation insurance." *See Cont'l Cas. Co. v. Rapid–Am. Corp.,* 80 N.Y.2d

640, 648, 593 N.Y.S.2d 966, 609 N.E.2d 506 (1993).

We emphasize again that the duty to defend is "distinctly different" from the duty to indemnify. *See Servidone*, 64 N.Y.2d at 424, 488 N.Y.S.2d 139, 477 N.E.2d 441. The district court blurred this distinction by focusing purely on the duty to indemnify and its examination of coverage based on MBCC's claim for contractual indemnification rather than the classic inquiry associated with the duty to defend: whether the "claims [asserted against the insured] may rationally be said to fall within policy coverage, *whatever may later prove to be the limits of the insurer's responsibility to pay.*" *Hugo Boss*, 252 F.3d at 620 (internal quotation marks omitted) (alteration and emphasis in original) (affirming conclusion that insurer was obligated to defend, but not indemnify, insured where there was "legal uncertainty as to insurance coverage").

The duty to defend is a contractual obligation. *See New Hampshire Ins. Co. v. Jefferson Ins. Co. of New York*, 213 A.D.2d 325, 624 N.Y.S.2d 392, 394 (1st Dep't 1995). Had Allstate wished to restrict its duty to defend to the standard range of covered, or possibly covered, claims, it could have done so with plainer language. *See Sirignano v. Chicago Ins. Co.*, 192 F.Supp.2d 199, 204–05 (S.D.N.Y.2002) ("[I]t is hornbook law that an insurance policy cannot be construed so as to render its terms meaningless or of no effect."); *see also Dairy Road Partners v. Island Ins. Co., Ltd.*, 92 Hawai'i 398, 992 P.2d 93, 99 (Haw. 2000) (illustrating a classic phrasing of the duty to defend obligation in a business automobile policy). As the policy in issue reads, however, there is no limitation implicit in the phrase "as the result of."

Our conclusion that MBCC's and Allianz's claims against Lerner were "the result of a covered auto accident" ends our inquiry into whether Allstate breached its duty to defend Lerner because it is undisputed that Allstate withdrew from representing Lerner in defending against these claims. Allstate's payment of its $100,000 policy limit, while discharging its duty to indemnify, did not discharge its duty to defend. 11 N.Y.C.R.R. 60–1.1(b) (requiring automobile insurers to defend after exhaustion of the policy limits); *Haight v. ELRAC, Inc.*, 5 A.D.3d 547, 772 N.Y.S.2d 833, 834 (2d Dep't 2004) (observing that an automobile insurer "must pay all defense costs until a case ends, and is not excused from providing a full defense by tendering the policy amount").

We thus reverse, in part, the district court's award of summary judgment to Allstate and remand to the district court with instructions to enter partial summary judgment in favor of Lerner on her claim for breach of the duty to defend. On remand, the district court should also conduct further proceedings, including a determination of damages, in conformity with this opinion.

### B. *Lerner's Legal Malpractice Claim Against the Attorneys*

Lerner contends that the district court erred in granting summary judgment to the Attorneys, thereby dismissing her legal malpractice claim. Specifically, she argues that: (1) the Attorneys failed to support their motion properly with admissible evidence; *and* (2) on the merits, there is a genuine issue of material fact as to the element of proximate cause. We disagree.

#### 1. *Affirmation or Affidavit: Failure to Support Motion Properly*

Under Federal Rule of Civil Procedure 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact . and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

■ In granting summary judgment to the Attorneys, the district court relied heavily on the affidavit of Alfredo Alvarado, the attorney who represented MBCC in the underlying State Court Action. On appeal, Lerner mischaracterizes Alvarado's affidavit as an "affirmation" and urges this Court to find Alvarado's statement insufficient to support the Attorneys' motion.

■ Lerner's argument is wholly without merit. In support of her claim, she cites *Wester v. Sussman*, 304 A.D.2d 656, 757 N.Y.S.2d 500 (2d Dep't 2003), and *Lauer v. Rapp*, 190 A.D.2d 778, 593 N.Y.S.2d 843 (2d Dep't 1993). These cases hold that a party attorney moving to dismiss a legal malpractice claim must submit an affidavit based on personal knowledge, not an affirmation. *See Wester*, 757 N.Y.S.2d at 501; *Lauer*, 593 N.Y.S.2d at 843. Initially, we observe that these New York state procedural rules do not apply here to a federal court sitting in diversity. *See, e.g., Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996) ("Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law.").

In any event, these cases are inapposite because the record shows clearly that Alvarado submitted an affidavit based upon his personal knowledge of the circumstances surrounding the settlement of the State Court Action. Moreover, Alvarado was the attorney for MBCC in the underlying State Court Action and is not a party to this action. Thus, the Attorneys properly supported their motion for summary judgment.

## 2. *The Merits*

■ A legal malpractice claim under New York law contains three elements: (1) the negligence of the attorney; (2) proximate cause; *and* (3) damages. *Reibman v. Senie*, 302 A.D.2d 290, 756 N.Y.S.2d 164 (1st Dep't 2003). "To establish the elements of proximate cause and damages, a plaintiff must show that but for the defendant's negligence, he or she would have prevailed in the underlying action or would not have sustained any damages." *Aversa v. Safran*, 303 A.D.2d 700, 757 N.Y.S.2d 573, 574 (2d Dep't 2003). "For defendants in a legal malpractice action to succeed on a motion for summary judgment, evidence must be presented establishing that the plaintiff is unable to prove at least one of these essential elements of a malpractice cause of action." *Wester*, 757 N.Y.S.2d at 501.

Applying this standard, the district court held that Lerner could not prove negligence or proximate cause. This decision is sound. On appeal, Lerner does not dispute that she failed to submit *any* admissible evidence in opposition to the Attorneys' motion. Indeed, Lerner's contention—that the Attorneys' settlement of the State Court Action for the policy limit of $100,000 was purely in Allstate's interest and prevented a more favorable apportionment of liability between herself and Robert Baron—is pure speculation. It is insufficient to raise an issue of fact as to negligence. Even if the Attorneys were negligent in settling the State Court Action, this negligence was not the proximate cause of Lerner's damages. Rather, Lerner's contractual liability to MBCC, and now Allianz, was the direct consequence of her executing the Lease with MBCC prior to the Attorneys' retention.

■ Lerner's only potentially persuasive allegation is that the Attorneys were negligent in settling the State Court Ac-

tion without obtaining a release from MBCC as to its indemnification cross-claims against her. But even assuming that this failure to seek a release from MBCC was negligent, Lerner has not shown how this alleged negligence proximately caused her damages. As the district court properly noted, the affidavit of MBCC's attorney Alvarado conclusively proves that even if the Attorneys had acted non-negligently (*i.e.*, sought a release from MBCC), MBCC would not have granted a release. In Alvarado's own words, he states that "[a]t no time did we nor would we ever have agreed to drop the cross claims." Thus, no act or omission by the Attorneys subjected Lerner to liability in favor of MBCC (and now Allianz). In the absence of any evidence to the contrary, the Attorneys were properly entitled to summary judgment. *See Aversa*, 757 N.Y.S.2d at 574 (summary judgment granted to attorney who demonstrated that plaintiff would be unable to prove proximate cause and plaintiff failed to produce evidence sufficient to raise a triable issue of fact).

Finally, Lerner asks this Court to grant a "fairness hearing" to review the settlement of the State Court Action. We reject this belated request because Lerner failed to move for such relief below. *Cohen v. Flushing Hosp. & Med. Ctr., Local 1199*, 68 F.3d 64, 69 (2d Cir.1995) ("Under the law of this circuit, a party may not seek on appeal relief that he failed to seek below.").

## CONCLUSION

For the foregoing reasons, we AFFIRM the decisions granting summary judgment to Allianz and the Attorneys, and REVERSE, in part, the award of summary judgment to Allstate on Lerner's claim for breach of the duty to defend. We REMAND to the district court with instructions to enter partial summary judgment in favor of Lerner on her claim for breach of the duty to

defend and to conduct further proceedings consistent with this opinion.