■ Julie Conti et al., Appellants, v Richard Frank, Respondent. [801 NYS2d 897]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered on or about January 24, 2005, which, in an action for legal malpractice, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

There appears to be no dispute that plaintiff would have no cause of action for legal malpractice based on defendant's failure to commence a timely action against a physician who treated plaintiff if, at the time of the alleged medical malpractice, such physician were an employee of the hospital against which defendant did commence a timely action. If so, then any medical malpractice committed by the physician would have been imputable to the hospital (*see Hill v St. Clare's Hosp.*, 67 NY2d 72, 78-79 [1986]), against which plaintiff could have recovered all of her damages, negating any "but for" causation between those damages and defendant's failure to sue the physician (*see Reibman v Senie*, 302 AD2d 290, 290 [2003]). No issue of fact exists as to

the existence of such an employment relationship, which on these facts is dispositive. Concur—Marlow, J.P., Ellerin, Williams, Catterson and McGuire, JJ.