John L. SNIADO, III, on behalf of himself and all others similarly situated, Plaintiff–Appellant,

v.

BANK AUSTRIA AG, Raiffeisen Zentralbank Österreich AG, Erste Bank Der Österreichisechen Sparkassen AG, Österreichische Postsparkasse, Raiffeisenlandes–Bank Northern Austria–Vienna, Northern Austria Landesbank Hypothekenbank, Österreichische Volksbanken AG, ABN Amro Bank N.V., GWK Bank N.V., Fortis N.V., ING Bank N.V., Banca di Roma SpA, Banca Nazionale del la Voro SpA, Banca Intesta, Deutsche Bank AG, Unicredito Italiano SpA, Defendants–Appellees,

Bank Für Arbeit Und Wirtschaft AG, Sanpaolo IMI SpA, Defendants.

Docket No. 02–7012.

United States Court of Appeals, Second Circuit.

Argued: Oct. 24, 2003.

Decided: Aug. 5, 2004.

Barbara Hart, Bernard Persky, Goodkind, Labaton Rudoff & Sucharow LLP, New York, NY, Douglas G. Thompson, Mila Bartos, Finkelstein, Thompson & Loughran, Washington, DC, Marvin A. Miller, Jennifer Winter Sprengel, Miller Faucher & Cafferty LLP, Chicago, IL, Nicholas Chimicles, James Malone, Jr., Chimicles & Tikellis LLP, Haverford, PA, for Plaintiff–Appellant.

John H. Shenefield, Johnathan M. Rich, J. Clayton Everett Jr., Morgan, Lewis & Bockius LLP, Washington, DC, for Bank Austria AG, Alan M. Unger, James D. Arden, Sidley Austin Brown & Wood, New York, NY, for Erste Bank der Österreichischen Sparkssen AG, James W. Lowe, Leon B. Greenfield, Wilmer, Cutler & Pickering, Washington, D.C., and Paul A. Engelmayer, for Raiffeisin Zentralbank Österreich AG, Raiffeisenlandesbank Northern Austria–Vienna AG, Northern Austria Landesbank–Hypothekenbank AG, and Österreichische Volksbanken AG, Dennis P. Orr, Hector Gonzalez, Sanford I. Weisburst, Mayer, Brown, Rowe & Maw, New York, NY, for ABN Amro Bank, N.V., Robert A. Horowitz, Karen Y. Bitar, Greenberg Traurig LLP, New York, NY, for Fortis N.V. and GWK Bank N.V., Michael S. Shuster, Johnathan Beemer, White & Case, New York, NY, for Banca di Roma SpA, Jerome S. Fortinsky, Brian H. Polovoy, Shearman & Sterling LLP, for ING Bank N.V., Gordon B. Nash, Jr., Steven S. Shonder, Gardner Carton & Douglas, Chicago, IL, for Banca Nazionale del Lavoro, SpA, Richard A. Martin, Richard S. Goldstein, Heller Ehrman White & McAuliffe, New York, NY, for Banca Intesa, SpA, Richard L. Mattiaccio, Pavia & Hartcourt LLP, New York, NY, for Unicredito Italiano SpA, Jeffrey Barist, Charles Westland, Milbank, Tweed, Hadley & McCloy, New York, NY, for Deutsche Bank AG, Defendants–Appellees.

Before: McLAUGHLIN, CABRANES, and SACK, Circuit Judges.

PER CURIAM.

Our previous decision reversing the district court's judgment of dismissal and remanding for further pretrial proceedings is hereby VACATED and the appeal is DISMISSED.

## RECENT PROCEDURAL DEVELOPMENTS

We previously reversed the district court's judgment dismissing the plaintiff-appellant's antitrust suit for lack of subject matter jurisdiction under § 6a(2) of the Foreign Trade Antitrust Improvements Act of 1982 ("FTAIA"). *See Sniado v. Bank Austria AG,* 352 F.3d 73, 78 (2d Cir.2003). After we published our opinion, the appellees filed a timely petition for a writ of certiorari with the United States Supreme Court, and we stayed the issuance of a mandate pending the Supreme Court's review of their petition. On June 21, 2004, the Supreme Court granted appellees' petition and remanded the matter

to this Court for further review in light of its recent decision in *F. Hoffman–La Roche Ltd. v. Empagran S.A.*, — U.S. ——, 124 S.Ct. 2359, 159 L.Ed.2d 226 (2004) ("*Empagran*"). *See Bank Austria v. Sniado*, — U.S. ——, 124 S.Ct. 2870, 2871, 159 L.Ed.2d 774 (2004).

We then directed the parties to submit supplemental letter briefs on the issue of whether *Empagran* required a different result. The parties have briefed the issue, and after consideration of their arguments, we vacate our previous decision and affirm the district court's dismissal of appellant's complaint.

## DISCUSSION

As noted in our previous decision, *Sniado*, 352 F.3d at 75–76, with which we assume familiarity, Sniado alleged in his amended complaint and in court proceedings below that: (1) he paid supra-competitive service fees to exchange Euro-zone currencies; and (2) these supra-competitive fees—which he paid exclusively in European countries—were the result of an alleged price-fixing conspiracy between European banks.

The district court dismissed under § 6a(2) of the FTAIA because Sniado's complaint alleged that the effect of the European conspiracy on United States commerce gave rise to *a* claim, but not *his* particular claim. *See Sniado v. Bank Austria AG*, 174 F.Supp.2d 159, 166 (S.D.N.Y. 2001) (Schwartz, *J.*) (holding that the weight of authority supported defendants' argument that § 6a(2) requires the effect on domestic commerce to give rise specifically to *plaintiff's* antitrust claim).

We vacated the district court's dismissal and remanded for further pretrial proceedings based on this Court's intervening decision in *Kruman v. Christie's Int'l PLC*, 284 F.3d 384 (2d Cir.2002), which held that the jurisdictional requirement of § 6a(2)

was satisfied where the plaintiff alleged that an anti-competitive effect on domestic commerce gave rise to *a* claim in general. *Id.* at 400 (holding that the "plain meaning" of the statutory language "*a* claim" refutes the defendants' argument that plaintiff must allege that the anti-competitive effect gives rise to "*his* claim" (emphasis added)).

▪ Subsequently, the Supreme Court decided *Empagran*, abrogating this Court's holding in *Kruman* based on the history of antitrust law and international comity concerns. *See Empagran*, 124 S.Ct. at 2371–72. The Supreme Court's decision endorsed Judge Schwartz's prescient view of § 6a(2) that Sniado must allege that the European conspiracy's effect on domestic commerce gave rise to *his* claims. *Id.* (rejecting plaintiffs' literal reading of the statutory language "a claim" as inconsistent with the basic intent of the FTAIA).

In light of the Supreme Court's decision in *Empagran*, we hereby vacate our previous decision in *Sniado* and affirm the district court's dismissal of Sniado's complaint for lack of subject matter jurisdiction under § 6a(2) of the FTAIA.

Acknowledging, as he must, that "*Empagran* changed the law in this Circuit," Sniado invokes an alternative theory to which the *Empagran* Court alludes— namely, that the Sherman Act reaches a foreign injury that is not independent of the foreign conspiracy's effect on United States commerce. *See Empagran*, 124 S.Ct. at 2372.

Because Sniado raises this alternative theory for the first time on remand from the Supreme Court, we must determine whether to find waiver or to consider his argument on the merits. *Id.* (remanding for the court of appeals to consider whether plaintiffs preserved this alternative ar-

gument); *Empagran v. F. Hoffman–La-Roche, Ltd.*, 2004 WL 1398217, at *2 (D.C.Cir. June 21, 2004) *(per curiam)* (requiring plaintiffs to demonstrate that they preserved this alternative claim for appellate review).

Normally, we will not consider a claim raised for the first time on appeal, let alone on remand from the Supreme Court, unless otherwise directed to do so. *See Baker v. Dorfman*, 239 F.3d 415, 420 (2d Cir.2000) (an appellate court generally does not consider arguments raised for the first time on appeal). However, because that rule is prudential, not jurisdictional, we have discretion to consider waived arguments. *Id.* We have exercised this discretion where necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding. *Id.*

We believe that Sniado's amended complaint could have alleged in the alternative that his specific injury was causally connected to the effect of the European conspiracy on domestic commerce. Equitable factors do not weigh heavily in favor of discretionary review of a belated argument which was theoretically available, albeit not conclusively established, before *Empagran.* Sniado's alternative theory, however, is purely legal and requires no further development of the record. Therefore, we exercise our discretion to reach the merits.

Sniado's amended complaint, liberally construed to the outer limits of reasonableness, still lacks the factual predicate to support his alternative theory of jurisdiction.

Sniado did not allege that currency exchange fees in the United States reached supra-competitive levels, nor that but for the European conspiracy's effect on United States commerce, he would not have been injured in Europe. He urges us now, however, to infer from the general allegations in his amended complaint that "the domestic component" of the alleged "worldwide conspiracy" was "necessary ... for the conspiracy's overall success." Thus, his alleged injury in Europe, *i.e.,* payment of excessive fees, was dependent on the conspiracy's effect on United States commerce.

However, such an inference, even if reasonable, is too conclusory to avert dismissal. Nor are we inclined at this juncture to remand for Sniado to re-amend his complaint to restate facts in support of this alternative theory.

Finally, because the amended complaint is facially insufficient to establish jurisdiction, we decline Sniado's invitation to remand for discovery.

## CONCLUSION

Accordingly, we vacate our previous decision in *Sniado* and affirm the district court's dismissal of Sniado's complaint.