13-727-cv
*Zubair v. Entech Engineering, PC, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand fourteen.

Present:     Ralph K. Winter,
             Chester J. Straub,
             Peter W. Hall,

                  *Circuit Judges.*

_____

Ahmed Zubair,

                  *Plaintiff-Appellee*,

         v.                                                      13-727-cv

Entech Engineering, P.C., Soudabey Bayat

                  *Defendants-Appellants*,

_____

FOR APPELLANTS:           John LoPresti, Jr., Staten Island, New York.

FOR APPELLEE:             Larry Cary, Joshua S. C. Parkhurst, Melissa S. Chan, Cary
                          Kane LLP, New York, NY.

_____

Appeal from the United States District Court for the Southern District of New York

(Marrero, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** and **REMANDED.**

Ahmed Zubair ("Zubair") brought suit against his former employer Entech Engineering, P.C. ("Entech") and Soudabey Bayat ("Bayat") (collectively "Appellants") for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYSLL"). After a bench trial the district court entered judgment against Appellants and awarded Zubair unpaid overtime wages, liquidated damages, and attorney's fees and costs. Appellants moved for an extension of time to file a notice of appeal. The district court denied the motion. Appellants appeal from that denial. This Court reviews a district court's ruling on a motion to extend time to file a notice of appeal for abuse of discretion. *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001) (per curiam). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

For the first time on appeal Appellants argue that they were misled by their previous attorney, Jeffrey Meyer, Esq., who assured them that he would timely file a notice of appeal and, if he were unable to file timely, he would obtain an extension of time from the district court. "[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Bogle-Assegai v. Conn.*, 470 F.3d 498, 504 (2d Cir. 2006) (quotation marks omitted; alteration in original). Because this "rule is prudential, not jurisdictional, we have discretion to consider waived arguments." *Sniado v. Bank Austria AG*, 378 F.3d 210, 213 (2d Cir. 2004) (per curiam). "We have exercised this discretion where necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding." *Id.* (citing *Baker v Dorfman*, 239 F.3d 415, 420 (2d Cir. 2000).

The circumstances here militate against an exercise of our discretion to address the new arguments on appeal. First, although this argument was available to Appellants below they failed to present it to the district court. *See Id.* ("Equitable factors do not weigh heavily in favor of discretionary review of a belated argument which was theoretically available" below.). Second, Appellants' argument is not a pure question of law, and resolving it would require additional fact-finding. Specifically, the district court would have to make findings of fact as to Attorney Meyer's assurances. In these circumstances, therefore, we decline the invitation to address Defendants-Appellants' arguments. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("Entertaining issues raised for the first time on appeal is discretionary with the panel hearing the appeal.").

Even if this Court were to consider Appellants arguments, we have previously held that district courts exceed their discretion in granting a motion for extension of time for excusable neglect or good cause when attorney errors are the cause of the untimely filing. *See e.g., In re Johns-Manville Corp.*, 476 F.3d 118, 124 (2d Cir. 2007) ("[E]xperienced counsel's misapplication of clear and unambiguous procedural rules cannot excuse his failure to file a timely notice of appeal.").

Finally, Appellees ask this Court to remand this case to the district court for an award of attorney's fees and costs associated with this appeal. The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Appellees are entitled to fees and costs associated with this appeal. *See Young v. Cooper Cameron Corp.*, 586 F.3d 201, 208 (2d Cir. 2009) (concluding that under the FLSA plaintiffs were entitled to reasonable

attorney's fees and costs associated with the appeal and remanding to the district court for a determination).

For the foregoing reasons, we **AFFIRM** the decision of the district court and **REMAND** this matter for a proper determination of appellate fees and costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk