13-1428-cv
Dollar Phone Corp. v. Dunn & Bradstreet Corp.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 19th day of March, two thousand fourteen.

Present:      PIERRE N. LEVAL,
              ROSEMARY S. POOLER,
              DENNY CHIN,
                         *Circuit Judges*.

_____

DOLLAR PHONE CORP., GLOBAL SWITCHING, INC., INDIVIDUALLY AND ON BEHALF OF ALL THOSE SIMILARLY SITUATED,

                         *Plaintiffs-Appellants*,

            -v-                                    13-1428-cv

DUN & BRADSTREET CORPORATION, DUN & BRADSTREET INC.,

                         *Defendants-Appellees*.

_____


Appearing for Appellants:      Peretz Bronstein, Bronstein, Gewirtz & Grossman, New York, N.Y.

Appearing for Appellees:       Jason Halper, Lowenstein Sandler LLP (Natalie J. Kraner, Lawrence Bluestone, *on the brief*), Roseland, N.J.

      Appeal from the United States District Court for the Eastern District of New York (Glasser, *J.*).

      **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Dollar Phone Corp. and Global Switching Inc. (together, "Dollar Phone") appeal from the April 5, 2013 judgment of the United States District Court for the Eastern District of New York (Glasser, *J.*) granting the motion for summary judgment made by Dun & Bradstreet Corp. and Dun & Bradstreet, Inc. (together, "D&B"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We affirm for the reasons set forth in the district court's thorough opinion. "In order to recover from a defendant for breach of contract, a plaintiff must prove, by a preponderance of the evidence, (1) the existence of a contract between itself and that defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach." *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011). The emails stating the terms of the agreements between the parties states in relevant part that "Score Builder . . . enables you to submit up to six trade references to D&B which we will attempt to convert into payment experiences."

Dollar Phone argues on appeal that "attempt to convert" into payment experiences means that D&B will attempt to call and verify all of the trade references submitted by Dollar Phone, and D&B breached the agreements by disqualifying certain trade reference submissions for failing to meet D&B's undisclosed guidelines. But it was inevitable that D&B would disqualify some categories of submitted references as insufficiently reliable, including, for example, jointly owned entities and entities having no reliable track record. The mere fact that D&B excluded some categories of references cannot reasonably be construed as a breach of its contractual obligation. Moreover, the email states that submitted trade references would be "verified." **(A233)** Read as a whole, the plain meaning of the agreement is that not every trade reference would be converted into a credit experience.

Dollar Phone did not raise its theory that D&B violated the implied covenant of good faith and fair dealing until oral argument before the district court. Unsurprisingly, the district court declined to address this argument in its opinion. *See In re Monster Worldwide, Inc. Sec. Litig.*, 251 F.R.D. 132, 137 (S.D.N.Y. 2008) ( "[T]his argument was raised for the first time at oral argument and so was waived in terms of this motion."); *accord Design Strategy, Inc. v. Davis*, 469 F.3d 284, 300 (2d Cir. 2006). We too decline to address this argument, effectively raised and briefed for the first time on appeal, because there is no indication that considering it is "necessary to avoid a manifest injustice or [that it] presents a question of law and there is no need for additional fact-finding." *Sniado v. Bank Austria AG*, 378 F.3d 210, 213 (2d Cir. 2004).

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2