14-4435-cv
*Ebert v. Holiday Inn*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of October, two thousand fifteen.

PRESENT:    DENNY CHIN,
            CHRISTOPHER F. DRONEY,
                        *Circuit Judges*,
            KATHERINE B. FORREST,
                        *District Judge.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

VICTOR EBERT, PETER CALCHERA, PATRICIA
STEINMETZ, JOHN FENNELL,
                        *Plaintiffs-Appellees*,

                v.                                          14-4435-cv

HOLIDAY INN, FISHKILL, NEW YORK, NOWAB
HOTELS GROUP, INC., BUSHRA JAVAID, BNG
HOSPITALITIES, INC., ASIF JAVAID,
                        *Defendants-Appellants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

_____

\*       The Honorable Katherine B. Forrest, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFFS-APPELLEES:     MICHAEL R. DICHIARA, Krakower DiChiara LLC, Park Ridge, New Jersey.

FOR DEFENDANTS-APPELLANTS:     MICHAEL H. SUSSMAN, Sussman & Watkins, Goshen, New York.

Appeal from the United States District Court for the Southern District of New York (Ramos, *J.*, and Broderick, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Defendants-appellants appeal from an order entered by the district court (Broderick, *J.*) on November 18, 2014 awarding $205,000 in favor of plaintiffs-appellees against defendants-appellants. By opinion and order filed on January 31, 2014, the district court (Ramos, *J.*) granted summary judgment to plaintiffs on their breach of contract claim and to plaintiff Victor Ebert on his Fair Labor Standards Act ("FLSA") claim. We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues on appeal.

Plaintiffs' claims arise from the early termination of their employment with defendant BNG Hospitalities, Inc. ("BNG"), a hotel management company owned by defendant Asif Javaid. Plaintiffs were hired in July and August of 2010 to provide services for three years at the Holiday Inn, Econo Lodge, and/or Knights Inn. These hotels were owned by Javaid or his wife through corporate entities. Prior to and during plaintiffs' employment, Holiday Inn was mortgaged and subject to a forbearance

- 2 -

agreement providing the lender with the right to foreclose upon default and secured by a fully executed deed held in escrow. After the lender foreclosed on the Holiday Inn, BNG terminated plaintiffs' employment in December of 2010.

At the district court, defendants failed to respond to plaintiffs' Local Rule 56.1 Statement, and thus the facts asserted therein were deemed admitted. After the district court granted summary judgment to plaintiffs on the breach of contract and FLSA claims, the parties stipulated to the amount of damages and plaintiffs withdrew their additional claims against defendants. Defendants reserved the right to appeal certain aspects of the summary judgment decision on liability. The district court entered its final order awarding the stipulated amount of $205,000, and this appeal followed.

We review orders granting summary judgment *de novo*, focusing on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

On appeal, defendants argue that they should be excused from performance under the doctrines of impossibility and frustration of purpose. In addition, they argue that if such defenses fail, liability may only be asserted against BNG. We reject these arguments and affirm the district court for the reasons discussed below.

**1.** *Doctrine of Impossibility*

We agree with the district court that defendants were not excused from performance under the doctrine of impossibility. Under New York law, a defendant may be excused from a contractual obligation where performance is impossible due to "the destruction of the means of performance by act of God, *vis major*, or by law." *407 E. 61st Garage, Inc. v. Savoy Fifth Ave. Corp.,* 23 N.Y.2d 275, 281 (1968). Economic hardship, even to the extent of bankruptcy or insolvency, does not excuse performance. *See, e.g.,* i*d.*; *Health-Chem. Corp. v. Baker*, 737 F. Supp. 770, 776 (S.D.N.Y.), *aff'd*, 915 F.2d 805 (2d Cir. 1990); *see also Bierer v. Glaze, Inc.*, No. CV-05-2459 (CPS), 2006 WL 2882569, at *6-7 (E.D.N.Y. Oct. 6, 2006) (loss of primary contract for products plaintiff was hired to market did not constitute impossibility). Defendants' loss of the Holiday Inn did not render performance impossible, as plaintiffs were able to continue working at the Econo Lodge or Knights Inn.

Moreover, even assuming performance was rendered impossible, the foreclosure of the Holiday Inn was a foreseeable risk. To establish impossibility, the

- 4 -

inability to perform "must be produced by an unanticipated event that could not have been foreseen or guarded against in the contract." *Kel Kim Corp. v. Central Mkts., Inc.*, 70 N.Y.2d 900, 902 (1987). Defendants should have foreseen the risk of foreclosure in light of the outstanding forbearance agreement and they could have provided for this risk in the employment contracts.[1]

**2.    *Liability of Multiple Defendants***

Defendants also argue that the district court erred in entering judgment against all defendants, because only BNG was the employer. Defendants did not raise this argument in the district court; that is, they defended themselves as a group and made no effort to argue that their liability should be individually assessed because of their different roles.

Generally, we will not consider an issue raised for the first time on appeal. *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005). As the "rule is prudential, not jurisdictional, we have discretion to consider waived arguments" and exercise such discretion "where necessary to avoid a manifest injustice." *Sniado v. Bank Austria AG*, 378 F.3d 210, 213 (2d Cir. 2004) (per curiam).

---

[1]    The parties dispute whether defendants waived the defense of frustration. Even assuming, *arguendo*, that defendants' preserved this argument for appeal, the doctrine of frustration would not justify non-performance, because, like impossibility, it is unavailable where "the event which prevented performance was foreseeable and provision could have been made for its occurrence." *Rebell v. Trask*, 632 N.Y.S.2d 624, 627 (2d Dep't 1995).

The circumstances here do not weigh in favor of considering the issue. Defendants had ample opportunity to raise the question before the district court. Indeed, the district court explicitly permitted defendants to file a motion for reconsideration to dismiss Javaid's wife from the action, but defendants failed to file a motion or respond to the district court's October 24, 2014 order to show cause as to why judgment should not be entered against all defendants.

Defendants proffer no reason for their failure to raise the arguments below, nor do they suggest that manifest injustice will result from a refusal to consider them. Moreover, the issue raises factual questions as to the respective roles of the different defendants; these are factual questions that we are not in a position to resolve in the first instance.

We have reviewed defendants' remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk