Ritchie Capital Management, L.L.C. et al. v. Costco Wholesale Corporation

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand sixteen.

PRESENT: DENNIS JACOBS,
REENA RAGGI,
DENNY CHIN,
<u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - -X
RITCHIE CAPITAL MANAGEMENT, L.L.C.,
RITCHIE CAPITAL MANAGEMENT, LTD., &
RITCHIE SPECIAL CREDIT INVESTMENTS,
LTD.,
<u>Plaintiffs-Appellants</u>,

-v.-                                    15-3294

COSTCO WHOLESALE CORPORATION,
<u>Defendant-Appellee</u>.
- - - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANTS:          ALEXANDRA A.E. SHAPIRO (<u>with</u>
                         Cynthia S. Arato & Fabien
                         Thayamballi <u>on the brief</u>),
                         SHAPIRO ARATO LLP, New York, New
                         York; <u>also on the brief</u>: Leo V.

1

Leyva & James T. Kim, Cole Schotz P.C., New York, New York.

**FOR APPELLEE:** GREGG L. WEINER (<u>with</u> Adam M. Harris <u>on the brief</u>), ROPES & GRAY LLP, New York, New York; also <u>on the brief</u>: Douglas Hallward-Driemeier, Ropes & Gray LLP, Washington, D.C.

**FOR AMICUS CURIAE THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA:** Andrew J. Pincus, Archis A. Parasharami & Matthew A. Waring, Mayer Brown LLP, Washington, D.C.; Kate Comerford Todd, U.S. Chamber Litigation Center, Washington, D.C.

Appeal from a judgment of the United States District Court for the Southern District of New York (Broderick, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellants Ritchie Capital Management, L.L.C., Ritchie Capital Management, Ltd. and Ritchie Special Credit Investments, Ltd. ("Ritchie") appeal from the judgment of the United States District Court for the Southern District of New York (Broderick, <u>J.</u>), granting defendant-appellee Costco Wholesale Corporation's ("Costco") motion to dismiss for lack of personal jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Ritchie's sole argument on appeal is that Costco is subject to general personal jurisdiction because it registered to do business in New York. It is undisputed that Ritchie did not raise this argument below; it is forfeited. <u>See</u> <u>Spiegel v. Schulmann</u>, 604 F.3d 72, 77 n.1 (2d Cir. 2010) ("On appeal, the [p]laintiffs argue that [the company] was subject to the district court's personal jurisdiction because the company had registered to do business in New York State. Although such registration would have been sufficient to establish personal

2

jurisdiction,[1] the [p]laintiffs did not raise this argument before the district court and thus, it is waived." (internal citation omitted)).

Seeking to avoid this result, Ritchie relies on the Supreme Court's decision in <u>Yee v. City of Escondido</u>, 503 U.S. 519, 534 (1992). Such reliance is misplaced. In <u>Eastman Kodak Co. v. STWB, Inc.</u>, 452 F.3d 215 (2d Cir. 2006), this Court interpreted <u>Yee</u> as supporting the unremarkable proposition that "this court ordinarily will not hear arguments not made to the district court. But appeals courts *may* entertain additional support that a party provides for a proposition presented below." <u>Id.</u> at 221 (emphasis added) (internal citation omitted). We decline to entertain Ritchie's belated argument; Ritchie has presented no explanation for why it did not make this argument before the district court, or why it would be a "manifest injustice" if Ritchie is prevented from blindsiding Costco on appeal. <u>Sniado v. Bank Austria AG</u>, 378 F.3d 210, 213 (2d Cir. 2004).

For the foregoing reasons, as we are not reaching Ritchie's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] This conclusion may no longer be sound in light of the Supreme Court's decision in <u>Daimler AG v. Bauman</u>, 134 S. Ct. 746, 751 (2014); we express no view one way or the other on the underlying merits of Ritchie's argument.

3