Valdiviezo v. Greer

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand nineteen.**

PRESENT:
>>ROBERT A. KATZMANN,
>>>*Chief Judge,*
>>GUIDO CALABRESI,
>>RAYMOND J. LOHIER, JR.,
>>>*Circuit Judges.*

---

Mario Valdiviezo,

>*Plaintiff-Appellant,*

>v.                                                          18-3254

Detective William Greer, Shield #1902,
AKA William Green,
Detective John Bolden, Shield #20025,
Detective Kimberly Marshall,

>*Defendants-Appellees,*

City of New York, 66th Precinct,

>*Defendants.*

---

FOR PLAINTIFF-APPELLANT:                 Mario Valdiviezo, pro se,
                                         Coxsackie, NY.

FOR DEFENDANTS-APPELLEES:                    Janet L. Zaleon, Fay Sue Ng,
                                             Corporation Counsel of the City of
                                             New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Mario Valdiviezo, pro se and incarcerated, sued New York City Police Department detectives John Bolden, William Greer, and Kimberly Marshall under 42 U.S.C. § 1983 and state law, alleging claims of false arrest and malicious prosecution. During discovery, the appellees learned that Valdiviezo had previously brought two cases in state court against the City, stemming from his incarceration at Riker's Island in 2013, and that they were resolved with a settlement agreement. The appellees located a general release signed by Valdiviezo on May 23, 2015 and notarized by his attorney. The attorney had also signed a stipulation of discontinuance with prejudice. The release stated in relevant part that:

> MARIO VALDIVIEZO . . . in consideration of the payment of Three Thousand Dollars . . . does hereby release and forever discharge the City of New York, and all past and present officers, . . . employees, agents, . . . and representatives of the City of New York . . . from any and all claims, causes of action, suits, . . . and demands whatsoever, known or unknown, which [Valdiviezo] had, now has or hereafter can, shall, or may have . . . against [the City] for, upon or by reason of any matter, cause or thing whatsoever that occurred through the date of this RELEASE.

Directly above the signature line, the release stated, in bold type: "THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT."

The district court granted summary judgment to the defendants, holding that the general release was valid and barred his current action. It also denied leave to amend. Valdiviezo appeals.

2

We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

## I. The General Release

"A settlement agreement is a contract that is interpreted according to general principles of contract law." *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 443 (2d Cir. 2005). "If a contract is clear, courts must take care not to alter or go beyond the express terms of the agreement, or to impose obligations on the parties that are not mandated by the unambiguous terms of the agreement itself." *Red Ball Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999).

The language of the release at issue unambiguously precludes Valdiviezo from bringing any claims that accrued before May 23, 2015 against the City or its employees. The events giving rise to the civil rights claims in this case occurred during his arrest in February 2013, and his two consolidated actions were filed in August 2014 and March 2015, respectively. Because the claims Valdiviezo now asserts accrued before May 23, 2015, those claims were released as part of the settlement agreement. Valdiviezo does not allege that the release was procured by duress, illegality, fraud, or mutual mistake; he was represented by counsel at the time that he signed the

3

release; and his signature attested to his understanding of the release's terms.[1] Consequently, his claims are barred.[2]

## II. Leave to Amend

"We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Panther Partners, Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

Valdiviezo asserts that the district court erred in denying him leave to amend on the ground of undue delay because it had previously informed him, in denying his earlier motion to amend without prejudice, that he was free to renew his motion "at any time." Even assuming that the district court's comment excused Valdiviezo's delay, the district court also correctly concluded that amendment would be futile, an independent basis for denying the motion.

---

[1] The District Court concluded that the release was valid based on the eight-factor test we articulated in *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 438 (2d Cir. 1998). We find it unnecessary to determine whether that court should have evaluated the contract's validity under state or federal law because, given the particular facts of this case, we conclude that the outcome would be the same under either standard.

[2] Valdiviezo argues, for the first time on appeal, that the release is not enforceable because an interpreter was not present at the time he signed it, which he contends violated N.Y. C.P.L.R. § 2101(b). We will generally not consider an argument raised for the first time on appeal, although we will exercise our discretion to do so "where necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding." *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005) (quoting *Sniado v. Bank Austria AG*, 378 F.3d 210, 213 (2d Cir. 2004) (per curiam)). Resolution of this belated argument would require fact-finding about the presence or absence of an interpreter at the time of the signing. Moreover, we discern no manifest injustice in holding Valdiviezo to the terms of the release. We therefore decline to consider this argument.

4

We have reviewed the remainder of Valdiviezo's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court