20-55-cv
*Scarborough v. U.S. Security Associates, Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand twenty.

PRESENT:  ROBERT D. SACK,
          DENNY CHIN,
          RAYMOND J. LOHIER, JR.,
              *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BERNARD SCARBOROUGH,
              *Plaintiff-Appellant*,

          -v-                                                   20-55-cv

U.S. SECURITY ASSOCIATES, INC.,
              *Defendant-Appellee*,

ALLIED UNIVERSAL SECURITY SERVICES,
SYSTEMS AND SOLUTIONS, INC.,
              *Defendant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:    Bernard Scarborough, *pro se*, New York,
                            New York.

FOR DEFENDANT-APPELLEE:    Evan Weiss, Martenson, Hasbrouck & Simon
                            LLP, Atlanta, Georgia; and Riyaz G. Bhimani,
                            Eckert, Seamans, Cherin & Mellott, LLC, White
                            Plains, New York.

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-appellant Bernard Scarborough, then counseled, sued U.S. Security Associates, Inc. ("U.S. Security") under 42 U.S.C. § 1981 for racial discrimination and retaliation. Less than a year later, his attorneys withdrew from the case, citing a breakdown of the attorney-client relationship. On November 12, 2019, the district court ordered Scarborough to either obtain new counsel or file a notice of appearance in the *pro se* office by December 6, 2019, and warned that failure to do so might result in dismissal of his case for failure to prosecute. Scarborough did neither, and on December 13, 2019, the district court dismissed his case. On January 6, 2020, proceeding *pro se*, Scarborough filed this appeal. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

On March 10, 2020, while this appeal was pending, Scarborough moved to set aside the dismissal pursuant to Rule 60 of the Federal Rules of Civil Procedure, but

2

he did not explain why he failed to comply with the court's order and still did not file a notice of appearance or retain new counsel. The district court then ordered Scarborough to submit a letter stating whether he received the court's November 12 order and if so when; the order stated that if Scarborough failed to comply, his motion might be denied. Scarborough did not submit such a letter, and approximately six months later the district court denied his motion for reconsideration.[1]

As an initial matter, while we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted), *pro se* appellants ordinarily must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). Despite affording *pro se* litigants "some latitude" in meeting the rules governing litigation, we "normally will not[] decide issues that a party fails to raise in his . . . appellate brief." *Id.*; *see also Terry v. Inc. Village of Patchogue*, 826 F.3d 631, 632-33 (2d Cir. 2016) ("Although we accord filings from *pro se* litigants a high degree of solicitude, even a litigant representing himself is obliged to set out identifiable

---

[1]     To the extent Scarborough's notice of appeal deprived the district court of jurisdiction to consider his post-judgment motion, the district court was permitted by Rule 62.1 to give an "indicative ruling[]," *Darnell v. Pineiro*, 849 F.3d 17, 28 n.7 (2d Cir. 2017) (quoting Fed. R. Civ. P. 62.1), or deny the motion, *see King v. First Am. Investigations, Inc.*, 287 F.3d 91, 94 (2d Cir. 2002).

arguments in his principal brief." (internal quotation marks omitted)); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on appeal.").

Even with our liberal construction of a *pro se* appellant's arguments, Scarborough's opening brief does not challenge the district court's dismissal of his case. His brief discusses his attorneys' alleged misconduct in this case, and it details the difficulties he encountered while litigating state proceedings *pro se*. It does not mention the district court's order dismissing the case, explain why he failed to file a notice of appearance, or discuss any error by the district court. Accordingly, Scarborough has waived his challenges to the dismissal of his case. *See Norton*, 145 F.3d at 117; *LoSacco*, 71 F.3d at 92-93.

While we have discretion to consider a litigant's waived arguments, *see Sniado v. Bank Austria AG*, 378 F.3d 210, 213 (2d Cir. 2004), we decline to do so here. On March 13, 2020, after Scarborough moved to reinstate his claims, the district court directed him to submit a letter advising whether he had received the court's November 12 order. The district court mailed its March 13 order to Scarborough on March 17, 2020. On November 10, 2020, some six months later, after not receiving any

4

correspondence from Scarborough, the district court denied his motion to revive his case. As Scarborough failed to take advantage of the second chance the district court gave him to resurrect his claims, we see no unfairness in holding him to his waiver.

* * *

We have considered Scarborough's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk